TAYLOR AND OTHERS v. WEBSTER AND OTHERS.

1. In an action against persons as partners, mere reputation of partner-ship is incompetent.   The plaintiff cannot make out a *prima facie* case so as to shift the burden of proof by showing reputation simply, and not connected with facts evincing that the reputation existed by the authority, assent, connivance or negligence of the person sought to be charged.
2. Whether a statute of the State of Illinois, respecting limited partner-ships, can be proved in the courts of this state by the parol evidence of a witness learned in the laws of that state, is not a question pre-sented in this case, because the limitation here relates only to the nature and scope of the partnership business, and not to the extent to which one of the partners may be liable.   Statutes respecting limited partnerships apply to the latter class of partnerships, and not to the former.

In error to the Supreme Court.

The facts of the case are fully shown in the opinion of the court.

For the plaintiffs in error, *Stone & Jackson.*

For the defendants in error, *E. W. Runyon.*

The opinion of the court was delivered by

DODD, J.   The writ of error in this case presents three exceptions, which were taken by the plaintiffs on the trial at the circuit—one to the judgment of non-suit, and two to the rulings of the court on questions of evidence.

The plaintiffs were a firm, doing business as wholesale grocers, in Chicago, and in March, 1869, sold two bills of goods to the Montana Hide and Fur Company, an association of individuals formed for the purpose of buying hides, pelts and furs in Montana territory, and selling them in Chicago. Benjamin F. Webster, of Plainfield, in this state, was one of the individuals composing the company, and the three mem-

bers of the firm of John Clough & Co., merchants in Chicago, were the others. The present controversy relates only to the liability of Webster. The written articles of agreement were signed and sealed by these four individuals, and defined explicitly the special nature of the company's business. It is not necessary to state their provisions at length, or to say more in respect to them than that by their plain legal construction they conferred no authority on Clough, who purchased the goods in question, to purchase them as he did, on the credit and in the name of the company. The purchase of the groceries was outside of the scope of the company's business as prescribed in the articles. The contrary of this was hardly contended for by the plaintiffs at the trial. An effort, however, was made to fasten upon Webster a liability for the goods, on the ground that he was a partner beyond the terms of the written agreement, but nothing appears in the evidence to support this idea or to justify the submission of this question of fact to the finding of the jury. Mr. Taylor, the member of the plaintiff's firm who sold the goods to Clough, testified that Clough showed him the written articles of agreement constituting the company, when he first came to purchase the goods; that he showed them for the purpose of convincing Taylor that Webster would be liable for the goods which Clough wanted to buy. The sale seems to have been made upon Clough's assertion that Webster would be liable, by virtue of the articles, and upon Taylor's belief that this assertion was true. No inquiry was made by the plaintiffs of Webster himself, and nothing appears in the evidence to show that he knew of the purchase or ever recognized or acquiesced in it, in any way whatever. In view of the evidence produced by the plaintiffs, the judgment of non-suit must be held to have been manifestly right.

Nor can the judgment so rendered on the evidence admitted, be changed by the alleged errors as to the evidence offered and overruled. The plaintiffs sought to introduce what had been said to one of them, on some occasion, by Mr. Hurd, an attorney of Chicago, who, as Mr. Taylor testified, had professed to

be the attorney of Webster. What Hurd had once said to Taylor, concerning Webster's connection with the Montana company, was offered and excluded. The ruling excepted to on this point was correct. It was offered as competent to make out a *prima facie* case, and not as connected with facts evincing that the reputation of partnership existed by the authority, the assent, the connivance or the negligence of the person sought to be charged. Mere reputation, though general, is alone and of itself incompetent to shift the burden of proof from the plaintiffs to the defendants. Offered in that way and for that purpose, it was simply of the character of hearsay, and without probative force.

The remaining exception is, to the overruling of the plaintiffs' offer to show, by the testimony of Edward W. Russell, an attorney-at-law in Chicago, and who testified that he was familiar with the laws of the State of Illinois in relation to limited partnerships, what the law of that state, in regard to such partnerships, was. It does not appear in the case for what purpose this evidence was asked to be admitted, nor in what way it could be relevant to the controversy. In the brief of the plaintiffs' counsel, the proposition contended for in support of this exception is, that a foreign written law may be proved by parol evidence of a witness learned in the law of that country. This debatable proposition, in regard to which the authorities are not agreed, is not presented for decision by the facts of this case. The partnership here is not of the legal description to which the excluded evidence referred. "A limited partnership," says *Pars. on Part.*, ch. 17, "is one in which one or more of the partners are so in the usual way, in respect to power, property and obligation, and one or more of them have placed a certain sum in the business and may lose that, but are not liable further." Statutes applicable to this well-known and peculiar kind of partnerships exist in most, if not all, of the states, but it is not perceived how any of them could be applicable to the partnership shown to have been created by the agreement in this case—a partnership general and unlimited, so far as the liabilities of the

partners to third persons are concerned, and limited only, as nearly all partnerships are, in respect to the nature and scope of the business to be carried on. The evidence offered on this point was properly overruled, on the ground of irrelevancy. The judgment below should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, WOODHULL, DODD, GREEN, LILLY. 12.

*For reversal*—None.